A11A1584. NEWS PLACE DEVELOPERS, LLC v. REESE.
(718 SE2d 578)

ANDREWS, Judge.

On appeal from the trial court's grant of summary judgment to plaintiff John S. Reese on his claim to recover earnest money for a condominium he had agreed to purchase, defendant News Place Developers, LLC, argues that a material issue of fact remains as to whether Reese's rescission was effective. We disagree and affirm.

On appeal from a grant of a motion for summary judgment, we

review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

So viewed, the record shows that on June 27, 2007, Reese entered into an agreement to reserve a Savannah condominium unit offered by News Place and paid $10,000 to secure that reservation. On February 15, 2008, Reese executed a purchase agreement concerning Unit A-2. The purchase agreement provided that Reese had "at least" 14 days after News Place provided Reese with certain documents required by the Georgia Condominium Act, OCGA § 44-3-70 et seq., to rescind the agreement, and that if no rescission took place, Reese would then pay the remainder of the purchase money, amounting to $19,200.

On March 15, 2008, a News Place representative mailed the required documents, known as a "disclosure package," to Reese's post office box in Savannah. As News Place concedes, two of these documents, including the declaration, were not finalized, and it never received any acknowledgment from Reese that he had received the disclosure package. Despite this, Reese paid the remaining earnest money more than a year later, on April 15, 2009. A week later, News Place's attorney sent Reese a letter notifying him that the closing would take place in June 2009.

Reese sent News Place an e-mail on August 4, 2009, rescinding the agreement and demanding the return of his earnest money due to "lack of documentation and other issues." On December 3, 2009, Reese's attorney sent News Place a letter to the same effect. When News Place refused, Reese brought this action for breach of contract. The trial court later granted Reese summary judgment on the ground that he was never provided all of the documents specified in the purchase agreement.

In three related enumerations of error, News Place argues that Reese's rescission was not effective because News Place substantially complied with the requirements of the Georgia Condominium Act. We disagree.

The Georgia Condominium Act requires that as to "the first bona fide sale of [a] residential condominium unit for residential occupancy by the buyer," a contract to buy "shall be voidable by the buyer until at least seven days after the seller has furnished to the prospective buyer the documents specified in this subsection," including copies of the floor plan, the declaration, the articles of incorporation and bylaws, and other documents. OCGA § 44-3-111 (a), (b). Subsection (c) also specifies that "[t]his subsection may not be waived" and that the contract "shall contain within the text the

following legend in boldface type or capital letters" specifying the required documents to be transmitted to the buyer, and also that " 'A DATED, WRITTEN ACKNOWLEDGMENT OF RECEIPT OF ALL SAID ITEMS SIGNED BY THE BUYER SHALL BE PRIMA-FACIE EVIDENCE OF THE DATE OF DELIVERY OF SAID ITEM.' " OCGA § 44-3-111 (c) (1). (Capitals in original.)

The purchase agreement signed by Reese expanded the buyer's rights and the seller's responsibilities beyond those required by OCGA § 44-3-111 (c) (1) in two relevant ways. Specifically, the agreement provided:

> THIS CONTRACT IS VOIDABLE BY PURCHASER UNTIL AT LEAST *FOURTEEN (14) DAYS AFTER ALL OF THE ITEMS REQUIRED* UNDER CODE SECTION 44-3-111 OF THE "GEORGIA CONDOMINIUM ACT", TO BE DELIVERED TO PURCHASER, *HAVE BEEN RECEIVED BY PURCHASER. . . .*
>
> SELLER *SHALL SUBMIT ALL OF THE REQUIRED ITEMS* TO PURCHASER IN ONE PACKAGE AND *SHALL OBTAIN FROM PURCHASER A DATED, WRITTEN ACKNOWLEDGMENT OF RECEIPT OF ALL SAID ITEMS* IN SUCH PACKAGE, AND SUCH ACKNOWLEDGMENT SIGNED BY PURCHASER SHALL BE PRIMA-FACIE EVIDENCE OF THE DATE OF DELIVERY OF SAID ITEMS[,] AND *THE DAY IMMEDIATELY FOLLOWING THE DATE OF SUCH ACKNOWLEDGMENT SHALL BE THE FIRST DAY IN SUCH 14-DAY RESCISSION PERIOD.*

(Capitals in original; emphasis supplied.) The agreement thus granted two benefits to the buyer beyond those required by the statute: *extending* the time for rescission from seven days to fourteen days after the receipt of the disclosure package; and *requiring* that the seller obtain a "dated, written acknowledgment of receipt" of all items in that package from the buyer.

We have seen no Georgia law barring parties subject to the Georgia Condominium Act from reaching a bargain which imposes disclosure responsibilities more stringent than those required by the Act on a condominium seller. See, e.g., *Bradford Square Condo. Assn. v. Miller*, 258 Ga. App. 240, 247 (573 SE2d 405) (2002) (enforcing contractual term that condominium association was not responsible for providing security measures). Although the agreement required it to do so, News Place has not provided any written acknowledgment from Reese that he received the disclosure package. Even if it

had, moreover, News Place concedes that it never provided Reese with final versions of some of the required documents, and the Act provides that its disclosure requirements "may not be waived." OCGA § 44-3-111 (c) (1). It follows that the trial court did not err when it granted Reese summary judgment concerning his rescission of the agreement to buy the condominium at issue here.

*Judgment affirmed. Phipps, P. J., concurs. McFadden, J., concurs in the judgment only.*

DECIDED NOVEMBER 2, 2011.

*Glover & Davis, Nathan T. Lee, Clifton M. Sandlin*, for appellant.

*Donald E. Dyches, Jr.*, for appellee.